**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EMI APRIL MUSIC, INC., et al.,** | : | **Civil Action No. C2 05 878** |
| **Plaintiffs,** | : | **Judge Sargus** |
| **vs.** | : | **CONSENT JUDGMENT** |
| **BILLIARD CLUB, INC., et al.,** | : | |
| **Defendants.** | : | |
| | : | |

WHEREAS, the Complaint in the above-captioned action was filed on September 22, 2005 and the Defendants Billiard Club, Inc., Janet Jehn and Matt Jehn ("Defendants") were each properly served with the Summons and Complaint.

NOW THEREFORE, the parties having agreed that the Court may find: (1) that Plaintiffs were, on the dates alleged in Schedule A to the Complaint, the respective owners of valid copyrights in the six (6) songs listed on Schedule A to the Complaint; (2) that at all relevant times, Defendants owned an operated an establishment known as Pub 161 in Columbus, Ohio; (3) that Plaintiffs' songs were performed publicly at Defendants' establishment, Pub 161, without permission of the Plaintiffs or license from their performing rights licensing organization, the American Society of Composers, Authors and Publishers ("ASCAP"); (4) that such performances of Plaintiffs' copyrights songs were infringements of Plaintiffs' copyrights; and (5) that there is a danger that such infringing conduct will continue, thereby causing irreparable injury to Plaintiffs for which damages cannot be accurately computed, and necessitating the granting of injunctive relief against Defendants' continued infringing conduct.

The Court having hereby adopted the foregoing findings, and the parties having further agreed that the Court may enter judgment based on the foregoing findings and that this action may be settled on the terms set forth below, it is therefore

ORDERED, ADJUDGED AND DECREED:

1. Defendants are hereby jointly and severally enjoined and restrained permanently from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at Pub 161, located in Columbus, Ohio, or at any other facility owned, operated, or conducted in whole or in part by Defendants, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are involved or by license from ASCAP.

2. Judgment is hereby entered in favor of Plaintiffs and against Defendants in the sum of $15,000 ("the Judgment Amount"); provided, however, that this judgment shall be satisfied upon and in the event of Defendants' payment of $11,500 ("the Settlement Amount") and execution of an ASCAP General License Agreement for Pub 161, as set forth below.

3. Defendants shall pay the Settlement Amount to ASCAP, on behalf of Plaintiffs, in strict accordance with the following schedule:

| INSTALLMENT NO. & DUE DATE | INSTALLMENT AMOUNT |
| --- | --- |
| 1) On or before October 1, 2006 | $2,875 |
| 2) January 1, 2007 | $2,875 |

| | |
|---|---|
| 3) April 1, 2007 | $2,875 |
| 4) July 1, 2007 | $2,875 |

4. The payments made by Defendants pursuant to paragraph 3 above shall be delivered so that they arrive no later than the due dates set forth in paragraph 3 above. The first installment shall be by attorney trust fund check payable to and delivered to the undersigned counsel for Plaintiffs, and all further installments shall be by certified check or cashier's check payable to the order of ASCAP and delivered to:

ASCAP
ATTENTION: Douglas Jones
2690 Cumberland Parkway, Suite 490
Atlanta, GA 30339-3913

5. Defendants shall comply with all the terms and conditions of the ASCAP General License Agreement for Pub 161 ("ASCAP License"), which they will enter into commencing January 1, 2006, for as long as they own and/or operate Pub 161 in whole or in part, and said License will be renewed on an annual basis, including the timely payment of any and all license fees due under the ASCAP license. ASCAP acknowledges payment by Defendants for all fees owed under the License Agreement for Pub 161 for 2006 (at the current rate of $1371.00 per annum).

6. Upon timely receipt of the amounts owed pursuant to paragraphs 2 and 3 above, Defendants shall be deemed to have paid to ASCAP all license fees owed for Pub 161 through December 31, 2006, and an additional sum representing damages and legal expenses incurred by ASCAP on behalf of the Plaintiffs in the prosecution of this action; provided that in no event or circumstance shall ASCAP owe any reimbursement of, or be obligated to return, any portion of the Settlement Amount, even if the operating policy of

Pub 161 changes such that a lower license fee would be applicable in 2006 than the current rate, or if the establishment is sold or closes. Plaintiffs shall thereupon cause to be filed a satisfaction of this Consent Judgment.

7. In the event that Defendants shall default in making any payments provided for in paragraphs 2 and 3 above; or in the event that any of Defendants' checks tendered in payment of the Settlement Amount are dishonored by Defendants' bank for any reason (including, but not limited to, insufficient funds); or in the event that Defendants file for bankruptcy; or in the event Defendants fail to comply with their obligations under this Consent Judgment; or in the event that Defendants fail to give notice to ASCAP as required by paragraph 8 below; then on notice of such default or other event, provided such default is not cured within ten days, the Judgment Amount, plus statutory interest accruing from the date of entry of this Consent Judgment, less any payments made by Defendants pursuant to paragraph 3 above, shall become due, and Plaintiffs may pursue all remedies provided by law to collect such amount then owed.

8. In the event that Defendants enter into or execute a contract for the sale, transfer or assignment of Pub 161 during the period covered by the payment provisions of paragraph 3 above, Defendants shall, within ten (10) days of executing or entering into such a contract, give notice to ASCAP of said pending contract and shall, in advance of such sale, transfer or assignment, cause arrangements to be made for the payment of any balance then owed pursuant to the terms of this Consent Judgment not later than the closing of such sale, transfer or assignment.

9. Any notices required by this Consent Judgment to be sent either to ASCAP or to Plaintiffs shall be sent by regular U.S. Mail or overnight delivery service to Plaintiffs'

undersigned counsel at her offices; or to Defendants at Pub 161 by regular U.S. Mail or overnight delivery service with a copy to Defendants' undersigned counsel at her offices.

IN WITNESS WHEREOF, the parties hereto consent and stipulate to the entry of the foregoing Consent Judgment:

PLAINTIFFS,
EMI APRIL MUSIC, INC., et al.

By: Kimberly E Ramundo

Kimberly E. Ramundo (0066570
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Tel: (513)352-6656
Fax: (513)241-4771
E-mail:kimberly.ramundo@thompsonhine.com
Attorney for Plaintiffs

DEFENDANTS,
BILLIARD CLUB, INC., et al.

By Heidi A. Smith

Michael Hrabcak (0055716)
Heidi A. Smith (0076502)
HRABCAK & COMPANY, L.P.A.
67 East Wilson Bridge Road
Worthington, Ohio 43085
Telephone: (614) 781-1400)

Attorneys for Defendants

PLAINTIFFS,
EMI APRIL MUSIC, ~~INC.~~, et al.

By Melissa Rattino

Its Attorney-in-Fact
ASCAP

DEFENDANT BILLIARD CLUB, INC.

By [signature]

Its: President

DEFENDANT JANET JEHN

____________________

DEFENDANT MATT JEHN

[signature]

**SO ORDERED:**

DATED: 11-6, 2006

Judge Sargus
UNITED STATES DISTRICT JUDGE

597859v1

**CERTIFICATE OF SERVICE**

I hereby certify that on________, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept the electronic filing. Parties may access this filing through the Court's system.

s/Kimberly E. Ramundo
Kimberly E. Ramundo

IN WITNESS WHEREOF, the parties hereto consent and stipulate to the entry of the foregoing Consent Judgment:

PLAINTIFFS,
EMI APRIL MUSIC, INC., et al.

By:s/Kimberly E. Ramundo
Kimberly E. Ramundo (0066570
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, OH 45202
Tel: (513)352-6656
Fax: (513)241-4771
E-mail:kimberly.ramundo@thompsonhine.com
Attorney for Plaintiffs

DEFENDANTS,
BILLIARD CLUB, INC., et al.

By [signature]
Michael Hrabcak (0035716)
Heidi A. Smith (0076502)
HRABCAK & COMPANY, L.P.A.
67 East Wilson Bridge Road
Worthington, Ohio 43085
Telephone: (614) 781-1400)

Attorneys for Defendants

**SO ORDERED:**

DATED: ____________________, 2006

______________________________
Judge Sargus
UNITED STATES DISTRICT JUDGE